**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

ELIZABETH FREDERICK,

    Plaintiff,

v.

THE BOARD OF TRUSTEES OF METROPOLITAN STATE COLLEGE, in their individual and official capacities, and
JOHN P. COCHRAN, in his individual and official capacity as DEAN, SCHOOL OF BUSINESS,

    Defendants.

_____

**COMPLAINT AND JURY DEMAND**
_____

Plaintiff Dr. Elizabeth Frederick ("Plaintiff" or "Dr. Frederick") by and through counsel David A. Lane and Sara J. Rich of KILLMER, LANE & NEWMAN, LLP, respectfully alleges for her Complaint and Jury Demand as follows:

**I.     INTRODUCTION**

1.     This is a case about Defendant Board of Trustees of Metropolitan State College's and Defendant Dean of the School of Business, John Cochran's, ("Defendants") long-standing unwillingness to promote a well-qualified and experienced older female, Plaintiff Elizabeth Frederick, to the position of full professor. Despite being recommended for such a promotion and being abundantly qualified, Dr. Frederick has been overlooked for promotion to full professor since at least 2007. Dr. Frederick has suffered disparate treatment by Defendants' failure to promote her, in whole or in part, due to her sex and/or age. As a result of Defendants'

illegal treatment, Dr. Frederick has suffered loss of wages and benefits, humiliation, severe emotional distress, loss of enjoyment of life, and other significant injuries, damages and losses.

## II.   JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.* and the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. § 621, *et seq.*

3. The employment practices alleged herein to be unlawful were committed within the jurisdiction of the United States District Court for the District of Colorado. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.   ADMINISTRATIVE PREREQUISITES

4. Plaintiff timely filed a Charges of Discrimination with the Equal Employment Opportunity Commission and has received her Notice of Right to Sue. Thus, all administrative prerequisites have been met.

## IV.   PARTIES

5. Plaintiff Dr. Elizabeth Frederick is a citizen of the United States and a resident of the State of Colorado. At all times referred to herein, Plaintiff Elizabeth Frederick was employed by Metropolitan State College of Denver (hereinafter "Metro State").

6. Metro is a State University located in Denver, Colorado.

7. The individual Defendant, John P. Cochran, is a citizen of the United States and resident of the State of Colorado and was a decision maker at Metro who discriminated against Plaintiff.

8. Defendant Metro has continuously been an employer within the meaning of Title VII and the ADEA at all times relevant to this Complaint.

## V.   FACTUAL ALLEGATIONS

9. Dr. Elizabeth Frederick was hired as a faculty member in the Management Department, School of Business, Metropolitan State College of Denver ("Metro State") in 1987. Dr. Frederick earned tenure and was promoted to Associate Professor in 1993 and appointed Department Chair in August 2003.

10. Dr. Frederick has performed excellently throughout her tenure with Metro State, including earning numerous awards and accolades, including the following:

- Dr. Frederick was awarded the Outstanding Woman (faculty) Award from the Institute for Women's Studies & Services in 1995;
- Dr. Frederick earned an A / Excellent in teaching based on her annual evaluations in 11 of 12 years;
- Dr. Frederick earned an A / Excellent in Professional Development in 10 of 12 years;
- Dr. Frederick earned an A / Excellent for Service in 10 of 12 years;
- Dr. Frederick earned an A / Excellent on her annual evaluation for advising in each of her 12 years;
- During the spring and fall 2006, Dr. Frederick's student rating average exceeded the average for all faculty in the School of Business; and
- Dr. Frederick's average student rating score has increased each semester since fall 2006.

11. Dr. Frederick's continued rise in the department came to a halt when, in January 2004, Defendant John Cochran was appointed the Interim Dean of the School of Business.

12. Soon after Defendant Cochran's appointment to the position, Dr. Frederick became aware of his attitude toward women, and especially women who speak up and are vocal about discrimination in the workplace.

13. In the beginning of 2004, a memo was circulated which called three female faculty members in the Management Department "hos." Dr. Frederick found this offensive and asked

Defendant Cochran to speak with the person responsible.  However, Defendant Cochran refused to take any action with regard to this clearly sexually discriminatory communication within the department.

14.     Shortly thereafter, Dr. Frederick complained to Defendant Cochran about another email sent to the faculty of the School of Business which contained a racial stereotype which Dr. Frederick found offensive.  Again, when Dr. Frederick complained to Defendant Cochran regarding the discriminatory nature of the communication, she was provided little if any support regarding her concern.

15.     Over the next several years, it became clear to Dr. Frederick that Defendant Cochran treated her differently than her similarly situated male counterparts.  He exhibited irritation and animus toward Dr. Frederick, which was directly attributable to his dislike for outspoken female members of the faculty.

16.     Defendant Cochran actively attempted to have Dr. Frederick removed from the position of Department Chair.  Due to Defendant Cochran's clear animus toward Dr. Frederick and her inability to work productively with Defendant Cochran, Dr. Frederick eventually resigned her position as Department Chair.

17.     Near the end of 2006, the Department Committee recommended Dr. Frederick for a promotion to full professor.  However, despite her qualifications and long list of accomplishments, Dr. Frederick was denied the promotion to full professor, due at least in part to Dean Cochran's vote not to recommend her for the promotion.

18.     Despite the disappointment and frustration of being passed over for a promotion in 2007 based on the distortions and inaccuracies in her record, Dr. Frederick decided to try again.

19. During the Academic year of 2007-2008 Dr. Frederick reapplied for a promotion to full professor. Despite the Department Committee again recommending Dr. Frederick for the promotion, Defendant Cochran notified Dr. Frederick on April 3, 2008 that he did not support her promotion to the rank of full professor.

20. In Defendant Cochran's letter informing Dr. Frederick that he would not support her, Defendant Cochran created an inaccurate, intentionally distorted, and overwhelmingly negative assessment of her career accomplishments.

21. Shortly thereafter, in 2008, Professor Wayne Haga, a younger white male, was provided a promotion to full professor. Likewise, in 2008, Professor Clay Daughtrey, also a younger white male, was promoted to full professor.

22. Defendant Cochran has intentionally distorted and denigrated Dr. Frederick's accomplishments, violating the Metro State Handbook and directly resulting in her being denied promotion.

23. Defendant Cochran has continued to create unfavorable conditions for Frederick, which has interfered with Dr. Frederick's ability to perform her job and hampered her ability to meet Defendant Cochran's expectations for promotion. For example, Defendant Cochran increased the size of one of Dr. Frederick's classes, but did not increase the size of three other similarly situated classes. Additionally, Defendant Cochran refused to approve travel expenses for Dr. Frederick to professional conferences.

24. Defendant Cochran has penalized Dr. Frederick for being a woman with children and diminished her career accomplishments.

25. Furthermore, Defendant Metro State used improper standards in judging performance when considering Dr. Frederick for promotion. These actions clearly violate Metro State policies and procedures.

26. Dr. Frederick was denied promotion twice, while both Dr. Haga and Dr. Daughtery, two younger white males, were awarded promotion.

27. Despite the similarities in the direct comparisons between the accomplishments of Dr. Frederick and her two younger, male faculty members, Metro determined that both younger male faculty members *had* demonstrated adequate performance and sustained growth in professional development, but in contrast, determined that Dr. Frederick *had not*.

28. Dr. Frederick outperformed Dr. Haga in student rating over the 5-year period prior to their respective applications for promotion. Despite this, Defendants concluded that Dr. Haga's student ratings demonstrate adequate performance and sustained growth while pretextual concerns were raised about Dr. Frederick's better ratings.

## VI.    STATEMENT OF CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**
**(Sex Discrimination under Title VII of the Civil Rights Act of 1964, as amended,**
**42 U.S.C. § 2000e, *et seq*.)**

29. Plaintiff hereby incorporates all paragraphs of this Complaint as though fully set forth herein.

30. Because of her gender and/or sex, Dr. Frederick is a protected person under Title VII of the Civil Rights Act of 1964, as amended.

31. Defendants treated Plaintiff less favorably than her similarly situated younger, male counterparts.

32.     Plaintiff was subjected to adverse treatment in the terms and conditions of her employment because of her sex and/or gender, including but not limited to denial of a promotion, as detailed herein.

33.     At all pertinent times, Plaintiff performed the functions of her job competently and was more than qualified for the position and promotion for which she applied.

34.     Despite her superior qualifications and exemplary job performance, Defendant denied Plaintiff promotions, in whole or in part, because of her sex and/or gender, while promoting less-qualified younger males.

35.     Since at least 2007, Defendants have rejected Dr. Frederick's candidacy for promotion to full professor and, instead, promoted less-qualified younger, male employees.

36.     Defendants' asserted reasons for rejecting Dr. Frederick's application to a full professor were pretext for illegal gender and/or sex discrimination.

37.     Plaintiff's gender and/or sex were motivating factors in Defendants' failure to promote her.

38.     Defendants have engaged in a pattern and/or practice of gender and/or sex discrimination in the terms and conditions of employment against its employees including, but not limited to, offering preferential treatment to younger, male employees.

39.     Defendants' acts and conduct were committed with malice or with reckless indifference to the federally protected rights of Dr. Frederick within the meaning of Title VII.

40.     Defendant Metro is liable for the acts and/or omissions of its agents and employees. Defendants, either directly or by and through agents, discriminated against Dr. Frederick on the basis of her gender and/or sex.

41. As a consequence of Defendants' illegal conduct, Dr. Frederick has sustained significant economic, consequential and compensatory damages.

42. Defendants' conduct was the proximate cause of Dr. Frederick's injuries, damages and losses.

## SECOND CLAIM FOR RELIEF
### (Willful Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. § 621, et seq.)

43. Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

44. Plaintiff, because of her age, 59, is a protected person under the Age Discrimination in Employment Act, as amended.

45. Defendants treated Plaintiff less favorably than her similarly situated younger counterparts.

46. At all relevant times, Plaintiff performed the functions of her job competently and was qualified for her position.

47. Defendants refused to promote Dr. Frederick in whole or in part because of her age.

48. Defendant Metro is liable for the acts and omissions of its agents and employees. Defendants either directly or by and through agents, discriminated against Plaintiff on the basis of her age and caused her severe injuries, damages and losses.

49. Defendants' conduct was the proximate cause of Plaintiff's injuries, damages and losses.

50. Defendants' articulated reason for the adverse actions against Plaintiff were pretext for unlawful discrimination on the basis of age.

51. Age was a motivating factor in Defendants' failure to promote Dr. Frederick. Defendants have engaged in a pattern and practice of age discrimination in the terms and conditions of employment including but not limited to offering preferential treatment to younger individuals in employment and promotional opportunities.

52. Defendants' conduct was engaged in with willful, knowing or reckless disregard of the requirements of the Age Discrimination in Employment Act, as amended.

53. As a consequence of Defendants' violation of the Age Discrimination in Employment Act, Dr. Elizabeth Frederick has sustained significant economic and consequential damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants, and award her all relief as allowed by law, including, but not limited to the following:

    a. Declaratory relief and injunctive relief, as appropriate;

    b. Actual economic damages as established at trial;

    c. Compensatory damages, including, but not limited to those for future pecuniary and non-pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses;

    d. Punitive damages for all claims as allowed by law in an amount to be determined at trial;

    e. Pre-judgment and post-judgment interest at the highest lawful rate;

    f. Attorney's fees and costs; and

    g. Such further relief as justice requires.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

DATED this 29th day of December 2011.

                                                        KILLMER, LANE & NEWMAN, LLP

                                                       *s/ Sara J. Rich*
                                                       _____
                                                       David A. Lane
                                                       Sara J. Rich
                                                       1543 Champa Street, Suite 400
                                                       Denver, CO 80202
                                                       (303) 571-1000
                                                       dlane@kln-law.com
                                                       srich@kln-law.com

                                                       ATTORNEYS FOR PLAINTIFF