IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-03163-RPM

ELIZABETH FREDERICK,

     Plaintiff,

v.

METROPOLITAN STATE COLLEGE, Board of Trustees

     Defendant.

## PROTECTIVE ORDER

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1.     This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information obtained or disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.      As used in this Protective Order, "document" is defined as provided in

Fed.R.Civ.P. 34(a).  A draft or non-identical copy is a separate document within

the meaning of this term.

3.      All information regarding medical records and personal financial

records shall be designated "CONFIDENTIAL."  CONFIDENTIAL information

shall not be disclosed or used for any purpose except the preparation and trial of

this case.

4.      CONFIDENTIAL documents, materials, and/or information

(collectively "CONFIDENTIAL information") shall not, without the consent of the

party producing it or further Order of the Court, be disclosed except that such

information may be disclosed to:

(a) attorneys actively working on this case;

(b) the parties, including designated representatives for the Defendants;

(c) expert witnesses and consultants retained in connection with this

proceeding, to the extent such disclosure is necessary for preparation, trial

or other proceedings in this case; AND

(d) in the case of witness statements/interviews, the statement may be

shown to the person who made the statement to verify its accuracy.

5.      Prior to disclosing any CONFIDENTIAL information to any person

listed above (other than counsel), counsel shall provide such person with a copy of

this Protective Order and obtain from such person a verbal agreement that he or she has read this Protective Order and agrees to be bound by its provisions.

6.      Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice:  "CONFIDENTIAL."

7.      Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all parties within thirty (30) days after notice by the court reporter of the completion of the transcript.

8.      A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information

should be subject to the terms of this Protective Order.  If such a motion is timely

filed, the disputed information shall be treated as CONFIDENTIAL under the

terms of this Protective Order until the Court rules on the motion.  If the

designating party fails to file such a motion within the prescribed time, the

disputed information shall lose its designation as CONFIDENTIAL and shall not

thereafter be treated as CONFIDENTIAL in accordance with this Protective

Order.  In connection with a motion filed under this provision, the party

designating the information as CONFIDENTIAL shall bear the burden of

establishing that good cause exists for the disputed information to be treated as

CONFIDENTIAL.

9.      The termination of this action shall not relieve counsel or other

persons obligated hereunder from their responsibility to maintain the

confidentiality of Confidential Information pursuant to this Protective Order, and

the Court shall retain continuing jurisdiction to enforce the terms of this

Protective Order.

10.     This Protective Order may be modified by the Court at any time for

good cause shown following notice to all parties and an opportunity for them to be

heard.

APPROVED AND AGREED TO BY THE PARTIES THIS 7th DAY OF

September, 2011:

JOHN W. SUTHERS
Attorney General


*s/Christine K. Wilkinson*
Christine K. Wilkinson
Assistant Attorney General Civil
Litigation and Employment Law
Section
Attorney for Defendants
1525 Sherman St., 7th Floor
Denver, CO 80203
Telephone: (303)866-5241
Fax: (303) 866-5443
christine.wilkinson@state.co.us

*s/Sara J. Rich*
David A. Lane
Sara J. Rich
Kilmer, Lane & Newman, LLP
1543 Champa Street, Ste 400
Denver, CO  80202
dlane@kln-law.com
srich@kln-law.com


Entered an ORDER of this Court this 8th  day of September, 2011.


s/Richard P. Matsch

_____
U.S. Senior Judge Richard P. Matsch