IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 10-cv-03163-RPM

ELIZABETH FREDERICK,

    Plaintiff,

v.

METROPOLITAN STATE COLLEGE, Board of Trustees,

    Defendant.

___

ORDER GRANTING SUMMARY JUDGMENT
___

On April 3, 2008, Dr. Elizabeth Frederick was notified that she was not approved for promotion to full professor at Metropolitan State College of Denver[1] ("Metro State"). She timely filed a charge of discrimination with the EEOC, claiming sex discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*[2] After receiving notice of her right to sue, she filed a complaint in this case on December 29, 2010, and an amended complaint on January 21, 2011. After full discovery Metro State moved for summary judgment of dismissal. After consideration of the briefs and exhibits filed in support and opposition to that motion and the arguments of counsel at a hearing held on November 8, 2012, the court has determined that the motion should be granted because the plaintiff has not shown

---

[1] The school's name has been changed to Metropolitan State University of Denver.

[2] She also claimed retaliation and age discrimination, but those claims have not been pursued in the amended complaint. (Document 5).

sufficient evidence to support a jury finding that her gender was a motivating factor in the decision or that she was treated differently from men in a comparable position at the school.

Dr. Frederick began her employment at Metro State as a tenure-track assistant professor in the Management Department of the School of Business in 1987. There are three faculty rankings: assistant professor, associate professor, and professor. The plaintiff was promoted to associate professor in 1992. An associate professor becomes eligible for promotion to a full professor position after four years of service. There is no limit to the number of professorships, and applications for promotion may be made at any time after eligibility.

To apply for promotion to professor, an associate professor must submit a comprehensive dossier demonstrating "adequate performance and sustained growth" in four areas: (1) teaching, (2) advising, (3) professional development, and (4) service. (Exhibit A-1). Each dossier moves through seven levels of independent review: (1) the faculty member's Department Committee (tenured members), (2) the Department Chair, (3) the School Committee (variety of school professors, half appointed by the Dean and the other half elected by faculty), (4) the School Dean, (5) the Faculty Senate Committee (tenured, college-wide professors), (6) the Provost/Vice President of Academic Affairs, and (7) the College President. The committees vote and a majority is needed to recommend a promotion. Each level is to consider the evidence provided by the faculty member applying for the promotion. Each level of review is required to write comments to explain the decision made, and these comments may be used at later steps in the process. The faculty member is given the comments. The President has the final decision regarding promotion.

Dr. Frederick first applied for professorship in 2006, submitting a complete dossier. Her teaching specialization was and had been workforce diversity and labor relations in the Management Department. The plaintiff served as the Chair of the Management Department from September 2003 to the end of December 2004. Dr. John Cochran became Dean of the School of Business in January 2004.

Dr. Frederick served on the Faculty Salary Equity and Parity Task Force formed to study faculty salaries in the five departments of the School of Business and compare them with other institutions. Dr. Frederick perceived inequities in the pay of women and minority teachers, and in May 2004, asked to meet with Dean Cochran to discuss the matter. He responded by e-mail that if there are individuals who feel there are inequities due to unequal treatment, they should report the problem to and work with the EEO officer. (Exhibit A-42).

There were tensions between Dr. Frederick and Dean Cochran as reflected in a memorandum he drafted on June 9, 2004, found on his computer, but not sent to the Plaintiff. He wrote:

> You have served as a strong advocate for your department and the department faculty, but often the issues you have chosen to champion and the way you have interacted with the school management group have been disruptive and counterproductive to the smooth operations of the school. (Exhibit 21).

The developing adversarial relationship between Dr. Frederick and Dean Cochran was a problem for operations in the Management Department. Ultimately, Professor Madison Holloway and two other teachers persuaded Dr. Frederick to resign as Chair in December 2004. (Exhibit A-56).

The plaintiff's 2006 application for promotion was favorably reviewed by the Management Department Committee, but was unanimously rejected by the School of Business Committee, Dean Cochran, the Faculty Senate Committee, and the Provost. Promotion was ultimately denied by the College President.

Essentially the same dossier was submitted by Dr. Frederick in her 2007 application. At the first level of review, the Department Committee recommended for the promotion with a vote of 4 yes, 1 no, and 1 abstention. The Department Chair at the second level did not recommend Plaintiff for promotion. At the third level, by a vote of 3-3, the School of Business Committee did not recommend the Plaintiff for promotion. The Dean denied promotion at the fourth level, and the Faculty Senate Committee did not recommend Plaintiff for promotion with a vote of 3-3. The Provost did not recommend the Plaintiff for promotion. The Provost, Dr. Curran, emphasized that the School of Business was in the process of accreditation by the Association to Advance Collegiate Schools of Business, and the School had to emphasize the professional development of its faculty. As a result, publication of scholarly papers in peer reviewed journals became even more important. President Jordan did not promote the Plaintiff.

There is ample evidence to support a finding that Dean Cochran's opposition to Dr. Frederick's application for promotion was substantially motivated by a gender bias, perceiving her as an aggressive woman advocating for equality. The plaintiff contends that this animus affected the other levels of review making the employer liable under *Staub v. Proctor Hospital*, 131 S.Ct. 1186 (2011).

The evidence does not support that contention. Assuming that Dean Cochran's opposition may have influenced the School of Business Committee, there is nothing to support

an inference that his opposition was a cause of the rejections by the Faculty Senate Committee, the Provost and Vice President of Academic Affairs, and the President.

The plaintiff claims disparate treatment by comparing the promotions of Dr. Clay Daughtrey and Dr. Wayne Haga in 2008. The comparison fails because these men were in different departments and their dossiers were significantly different.

The decisions made in academia are subject to some deference because they are exercises in professional judgment. *Regents of Univ. of Michigan v. Ewing*, 474 U.S. 214 (1985). There is nothing to warrant a finding by a jury that the judgments made by the reviewers of the plaintiff's application for promotion were such a substantial departure from academic norms that they may be held to be pretextual.

Upon the foregoing, it is ORDERED, that judgment shall enter for the defendant, dismissing this civil action and for costs.

Dated: November 26, 2012

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge